CHIEF JUDGE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>STEFAN MERCULIEF,<br><br>   Defendant. | No. CR07-129RSM<br><br>ORDER GRANTING UNOPPOSED MOTION TO PROCEED WITH DISPOSITION HEARING BY VIDEO CONFERENCING |

THE COURT has considered the unopposed motion to proceed with and disposition hearing by video hearing, along with all the records and files in this case and the General Orders currently in effect.

THE COURT FINDS that the circumstances are as set forth in the motion, and that a video disposition hearing may take place on April 21, 2021 *see* General Order No. 04-20 (3/30/20), for the reasons set forth in the motion.

THE COURT ORDERS that the parties may proceed with a disposition hearing on April 21, 2021, by video conference, consistent with current procedures established by this Court.

THE COURT also makes the following specific findings:

1. The Judicial Conference of the United States must find that the coronavirus emergency will materially affect the functioning of the federal courts generally or a particular court. CARES Act, § 15002(b)(2)(A). It has done so. See "Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic," Administrative Office of the United States Courts (published March 31, 2020) (available at

ORDER GRANTING UNOPPOSED
MOTION TO PROCEED WITH DISPOSITION
HEARING BY TELECONFERENCING - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

      https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic).

2. The chief district judge of the affected district must specifically find that "felony pleas under Rule 11 of the Federal Rules of Criminal Procedure . . . cannot be conducted in person without seriously jeopardizing public health and safety." CARES Act, § 15002(b)(2)(A). The Chief Judge Martinez has done so. GO 04-20 (March 30, 2020).

3. The Court finds in this particular case that for specific reasons specified in the pleadings that the plea in this case cannot be further delayed without serious harm to the interests of justice." CARES Act, § 15002(b)(2)(A).

4. The defendant must consent. CARES Act, § 15002(b)(4); see also GO 04-20. Mr. Merculief consents by way of filing.

5. For all practical purposes, the hearing must take place by videoconference, not telephone conference. Theoretically, a sentencing could be done by telephone conference if "video teleconferencing is not reasonably available." CARES Act, § 15002(b)(2)(A). A videoconference hearing is reasonably available in this case.

DONE this 15th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

s/ *Nancy Tenney*
Assistant Federal Public Defender
Attorney for Stephan Merculief

ORDER GRANTING UNOPPOSED
MOTION TO PROCEED WITH DISPOSITION
HEARING BY TELECONFERENCING - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100